Filed 11/13/14  P. v. Sulit CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060979 |
| v. | (Super.Ct.No. FVI1001845) |
| FLORAN SULIT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Floran Sulit appeals after the trial court denied his post-trial motion for relief from the requirement of lifetime registration as a sex offender.  We affirm.

1

FACTS AND PROCEDURAL HISTORY

Defendant was a high school mathematics teacher. The victim was one of his students, whom he taught for three years. He was accused of committing several sexual acts with the victim in 2009 and 2010, when she was 17 years old. Defendant allowed the victim to orally copulate him on three different occasions, and he also sent her sexually explicit photos and videos. Defendant was charged in a felony complaint with three counts of oral copulation of a person under age 18 (Pen. Code, § 288a, subd. (b)(1)), and one count of sending harmful matter to a minor (Pen. Code, § 288.2, subd. (a)).

Defendant initially pleaded not guilty, but later withdrew that plea. Pursuant to a plea bargain, defendant agreed to plead no contest to one count of oral copulation of a minor, and the remaining counts would be dismissed. Defendant would be granted probation, and serve a maximum of one year in jail as a condition of probation. The plea agreement form included an advisement that lifetime registration as a sex offender could be one of the consequences of the plea, as well as an advisement of immigration consequences of the plea. The court accepted defendant's no contest plea.

In January 2011, after the plea but before sentencing, defendant moved to withdraw his no contest plea. He claimed that he had not been properly advised or had not had enough time to consider the immigration consequences of his plea. Defense counsel indicated that defendant had in fact been advised of immigration consequences. In his conversations with defendant, defendant was much more concerned about the sex

offender registration issue than about possible immigration consequences. The court found counsel's evidence more credible, and denied the motion to withdraw the plea. The court then proceeded to sentence defendant in accordance with the plea bargain, placing defendant on 36 months of formal probation, with the requirement that he serve 364 days in jail.

Defendant appealed the conviction, on the ground that the trial court erred in ordering him to register as a sex offender. Defendant claimed that he did not agree to sex offender registration in the plea bargain, and he argued that the trial court misunderstood the scope of its discretion to impose the duty of sex offender registration for an offense like defendant's. This court affirmed. The first argument was plainly without merit; the possibility of registration was expressly contemplated in defendant's plea agreement. As to the trial court's alleged failure to appreciate that imposition of sex offender registration was discretionary, rather than mandatory, we held that the trial court's pronouncements were not necessarily inconsistent with a proper understanding of its discretion, and that there was no prejudice in any event, because defendant's offense was a serious breach of a position of trust, and it would have been an abuse of discretion not to impose the registration requirement.

Thereafter, defendant evidently performed satisfactorily on probation. The probationary term had expired; defendant had complied with all terms of probation during the entire term; defendant had paid all fees and fines. In December 2013, defendant filed a purported "motion to preclude sex offender registration," based on the

3

"Equal Protection" analysis contained in *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*).  In January 2014, defendant also filed a petition under Penal Code sections 17, subdivision (b)(1), and 1203.4, to reduce his offense to a misdemeanor, and for dismissal of the charge.

The People opposed defendant's request for relief from the sex offender registration requirement.  The People pointed out that the trial court did not have jurisdiction to consider a post-conviction "motion" in cases in which the defendant is no longer in custody and the conviction is final.  Rather, defendant's sole remedy was by way of a petition for writ of mandate.  (*People v. Picklesimer* (2010) 48 Cal.4th 330.)

The trial court set a hearing on the motions for February 2014.  The court also requested a supplemental probation report to ascertain the probation department's recommendations on the motions.  The supplemental probation report described defendant's compliance with the conditions of probation, and his completion of probation without any violations.  Defendant had no new criminal matters.  However, the victim had reached the age of majority, and she and defendant were married.  The probation officer "question[ed] whether the defendant comprehends the gravity" of his convicted crime and other acts.  Because of "the serious nature of this offense and short period of time that has passed since the defendant was discharged from probation," the probation officer recommended that the offense not be reduced to a misdemeanor, nor dismissal of the charge be granted.  Defendant's "willingness to comply with his required registration . . . has yet to be determined so soon following his discharge from his grant of

probation." The probation officer therefore recommended that the court not grant the motion to relieve defendant of the sex offender registration requirement.

The court heard argument on the motion to preclude sex offender registration, and denied the motion. When the court indicated its intention to follow the recommendations of the supplemental probation report on the remaining motions, defendant withdrew them.

Defendant now appeals from the denial of his motion to preclude sex offender registration.

ANALYSIS

Upon defendant's appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief summary of the facts and a statement of the case. Counsel has identified one potential arguable issue: whether the trial court abused its discretion in denying defendant's motion to preclude lifetime sex offender registration, based on misconduct with a minor victim, who subsequently married defendant. Counsel has also requested this court to undertake an examination of the entire record.

Defendant has also been offered an opportunity to file a personal supplemental brief, and he has done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no meritorious arguable issues.

5

The trial court did not abuse its discretion in denying defendant's motion for relief from lifetime sex offender registration.

Preliminarily, we note that defendant was no longer in custody, and his appeal from the judgment was long since final. Any claim for *Hofsheier* relief was required to be brought by way of a petition for writ of mandate in the trial court. "A freestanding postjudgment motion for *Hofsheier* relief . . . is not cognizable." (*People v. Picklesimer, supra,* 48 Cal.4th 330, 335.)

A trial court may in its discretion treat the motion as a mislabeled petition for writ of mandate. (*People v. Picklesimer, supra,* 48 Cal.4th 330, 335.) The trial court did consider the matter on the merits, and to that extent we also find no abuse of discretion in denying the (mislabeled) motion.

Defendant's offense was very grave; his single conviction did not convey the entirety of his misconduct. The victim had been his student in the 10th, 11th and 12th grades, starting when she had been 14 and 15 years old. By the end of the 2008-2009 school year, the victim was having telephone conversations with defendant. During the 2009-2010 school year, her senior year, the victim told her friend that she was having "phone sex" with defendant, and that they had exchanged explicit pictures and videos. The victim showed her friend a video on her cell phone from "Cesar," depicting an erect penis. "Cesar" was a name that the victim used when referring to defendant. One day, the victim and her friend stayed after school; the victim took defendant's cell phone from

6

his desk to show her friend some pictures the victim had sent him. The friend saw four pictures of the victim, dressed only in a bra and panties or a swim suit.

The victim told her friend that she had had oral sex with defendant on at least three different occasions. One incident took place at defendant's residence. Another time, defendant had the victim orally copulate him as they sat in his truck in front of her house. A third time, the victim again orally copulated defendant while they sat in his truck in an alleyway behind a store.

A short time before the senior prom, the victim told her friend that she had gotten "laid" by "Ken," another one of her code names for defendant. Sometime during the second semester, which began in January 2010, the victim also told her friend that she had gone to defendant's classroom during his preparation period, and she had masturbated him while they sat on a couch.

When the matter came to light, after the victim was 18 years old and she had graduated from high school, she initially lied to police. She denied having a relationship with defendant, and denied sending him any photographs or videos.

Defendant also initially lied, telling police that he had started a sexual relationship with the victim only after she had graduated, when she would have been 18 years old. Defendant now admits that his conviction offense took place when the victim was still a minor. Defendant could not explain how the specific incidents of oral copulation and masturbation came to occur, but he did not deny that they had taken place. Defendant told the police that the victim was the one who wanted sex, and even though he told her

7

"no," she would not stop. Defendant blamed the victim, and said that he felt like he was being "raped." Defendant admitted sending explicit photographs and videos to the victim while she was still 17 years old. He sent her the photographs and videos of his penis "because she told him to send them and he could not say no."

Defendant pays lip service to the notion that he was the adult in the relationship, and should have stopped the victim from pursuing him, but he still insists that the victim was the instigator, the provoker of the incidents, and that she was a willing participant in them, as if that somehow absolves him of any real guilt. Defendant claims that he takes full responsibility for his actions, but again he continues to blame the victim, minimizes his own role in the incidents, and seeks to avoid the consequences of his grave misconduct.

The propriety of exercising the court's discretion to impose the registration requirement has already been finally determined against defendant in the earlier appeal, in which we held defendant was not prejudiced by the court's failure to follow the strict procedures of such a discretionary decision, because it was not reasonably probable that the result would have been different in the absence of the error.

Any evidentiary findings that would have been required to impose a discretionary sex offender registration requirement were extant on the original record. (See Pen. Code, § 290.006.) The entire pattern of defendant's conduct makes plain that he committed the charged offense for the purpose of his own sexual gratification. Although he told police that he did not want to participate in the act, and felt that he was being "raped," he also

8

initially (and falsely) told police that his sexual relationship with the victim was begun voluntarily after the victim had reached age 18. Defendant cannot have it both ways; defendant's sexual relationship with the victim was either voluntary on his part or it was not. The entire record suggests that defendant lied to minimize his own culpability, and that he voluntarily engaged in all the sexual acts with the victim for his own sexual gratification. In addition, defendant sent pictures of his erect penis to the victim, by his own admission because he "could not say no." In other words, to avoid admitting that he sent the pictures for sexual gratification, defendant's excuse was in essence that he acted under a sexual compulsion.

As we stated in our opinion in the earlier appeal, defendant was a teacher, who stood in loco parentis to his students, and who had the duty to exercise appropriate care and control over them, and to maintain their safety. (See *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 874 [both under the common law and by statute, in a school setting a teacher stands in loco parentis to his or her students].) Defendant failed spectacularly in fulfilling his duty, and instead preyed upon a young woman ostensibly in his care. Defendant's willingness to abuse his position of authority and trust is more than sufficient reason to require him to register as a sex offender. His further willingness to lie, evade, minimize, and blame the victim also bespeak of someone who needs close monitoring.

The evidence was more than sufficient to support both prongs of a decision to impose a lifetime sex offender registration requirement on defendant (Pen. Code,

9

§ 290.006), and indeed we held it would have been an abuse of discretion *not* to impose registration under the circumstances of this case. Consequently, there was also ample reason to deny defendant's postjudgment motion or petition for relief from that obligation.

Defendant's personal supplemental brief hits on a number of themes, none of which raises an arguable issue on appeal.

For example, defendant makes much of a notation in the original presentence probation report that a possible factor in mitigation was that "The victim was a willing participant in and provoker of the incident." He claims the trial court at sentencing improperly disregarded this "finding" by the probation officer. If it is a "fact" that the victim was a provoker of the incident, then "By definition, provoke means to instigate, implying the victim was the aggressor. This contradicts the defendant was the aggressor, implying it contradicts the defendant took advantage of the victim . . . ." First, it is much too late in the day for defendant to attempt to relitigate the substance of the underlying offense. He pleaded no contest, and that conviction is now final. Second, no amount of willingness on the part of the victim to pursue a romantic crush on defendant absolves defendant of his duty to refrain from sexual acts with a student in his charge. Defendant abused his authority and trust to take advantage of the victim. Third, defendant's pattern of evading and minimizing his own misconduct, to avoid any consequences, continues apace. Defendant still fails to take any genuine responsibility for his own actions, and continues to project as much blame as possible onto the victim. Defendant still fails to

appreciate the gravity of his offense, and indeed seems to feel he did nothing wrong.  He remains a danger to the public as a result of his lack of insight into his own misconduct.

Defendant also repetitively complains that this court, in its earlier opinion, wrongfully accused him of a crime he did not commit.  That is, this court remarked that defendant "abused his position of authority to sexually molest or otherwise behave inappropriately with the victim," and we opined that "it is inconceivable that any court would not impose permanent sex offender registration on a teacher, like defendant, who molested a student."  Seizing upon the words "molest," and "molested," defendant maintains that "molestation" must refer to a violation of Penal Code section 288, commission of a lewd or lascivious act on a child under the age of 14, either forcibly (Pen. Code, § 288, subd. (b)(1)) or non-forcibly (Pen. Code, § 288, subd. (a)).  Both of these crimes are felonies, whereas defendant's convicted offense, Penal Code section 288a, subdivision (b)(1), oral copulation of a person under age 18, may be treated either as a felony or a misdemeanor.

Defendant has misconstrued the prior opinion.  We did not use the words "molest" and "molested" as terms of art to refer to any specific offense.  Rather, the term was used in a general sense to refer to sexual crimes involving underage victims, such as defendant's conviction for oral copulation.  In any case, defendant's complaints about his prior appeal should have been addressed on a petition for rehearing.  The claim is not cognizable here.

11

Defendant raises other, equally unmeritorious and equally repetitious, questions, but nothing in his personal supplemental brief identifies an arguable issue on appeal.

We have independently reviewed the entire record, and we find no arguable issues.

<u>DISPOSITION</u>

The trial court's order denying defendant's purported motion for relief from sex offender registration is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

We concur:


RAMIREZ_____
P. J.


RICHLI_____
J.

12